**5**

BLANK ROME LLP
Cheryl S. Chang (SBN 237098)
Chang@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:     424.239.3400
Facsimile:      424.239.3434

Gregory F. Vizza (*pro hac vice* to be filed)
Vizza@BlankRome.com
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Telephone:     215.569.5500
Facsimile:      215.569.5555

*Attorneys for Bimbo Bakeries USA, Inc.*

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 19-15277-B-11 |
| SVENHARD'S SWEDISH BAKERY, | DC No. BR-001 |
| Debtor and<br>Debtor in Possession. | Chapter 11 |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BIMBO BAKERIES USA, INC.'S MOTION FOR TURNOVER OF FUNDS HELD BY THE DEBTOR THAT ARE NOT PROPERTY OF THE ESTATE** |
| | Date:      February 25, 2020<br>Time:      9:30 a.m.<br>Dep't:     B<br>Location:  Robert E. Coyle U.S. Courthouse<br>              2500 Tulare Street,<br>              Suite 2501, Courtroom 13<br>              Fresno, CA 93721 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

In support of the *Motion of Bimbo Bakeries USA, Inc. for Turnover of Funds Held by the Debtor That Are Not Property of the Estate* (the "Motion"), Bimbo Bakeries USA, Inc. ("Bimbo") files this *Memorandum of Points and Authorities* and respectfully states as follows:

## I. INTRODUCTION

Before Svenhard's Swedish Bakery (the "Debtor") filed this bankruptcy case, it received payments from Bimbo in the approximate aggregate amount of $732,943.92 (the "Funds"). As set forth more fully below, the Debtor received the Funds in error, lacks any entitlement to the Funds, and instead holds the Funds in trust for the sole benefit of Bimbo.

Accordingly, the Funds do not constitute property of the Debtor's bankruptcy estate and the Debtor has no right to continue to hold or use the Funds in this bankruptcy case or otherwise. Therefore, Bimbo respectfully requests that the Court enter an order directing the Debtor to immediately turn the Funds over to Bimbo.

## II. BACKGROUND

Bimbo and the Debtor had a pre-petition relationship pursuant to which Bimbo purchased various baked goods and related items from the Debtor. Bimbo ceased purchasing goods from the Debtor, and the Debtor stopped providing goods to Bimbo, on or before November 4, 2019.

However, between approximately November 26, 2019 and December 16, 2019, the Debtor received the Funds from Bimbo despite the fact that the Debtor had not provided any goods, services, or other consideration giving rise to a right to payment from Bimbo.

Payment of the Funds to the Debtor was based on a good faith mistake by Bimbo. Instead of sending the Funds to the Debtor, Bimbo intended to direct the Funds to a third party, Central California Baking Company ("Central California Baking"). A chart listing each of the payments mistakenly made to the Debtor is attached hereto as Exhibit "A." The Central

1

California Baking invoices that the Funds were intended to satisfy are attached hereto as Exhibit "B."[1]

Notwithstanding this obvious mistake, at no time did the Debtor alert Bimbo that it was receiving payments for goods it did not provide to Bimbo. On December 19, 2019, the Debtor filed this bankruptcy case. On January 22, 2020, Bimbo delivered a letter to the Debtor demanding the Debtor immediately segregate the Funds in a separate deposit account and turn them over to Bimbo because they are not property of the Debtor's estate but instead are being held in a constructive trust for Bimbo's sole benefit. As of the filing of this Motion, the Debtor has refused to comply with Bimbo's demand.

## III.    JURISDICTION AND VENUE

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## IV.    ARGUMENT

The Funds are not property of the estate because they are trust funds held for the sole benefit of Bimbo. The property interests comprising a debtor's estate are set forth in Section 541 of the Bankruptcy Code. However, "[t]he nature and extent of a debtor's interest in property is determined by state law, with the estate having no greater rights in property than those held by the debtor prior to bankruptcy." *Foothill Capital Corp. v. Clare's Food Market, Inc. (In re Coupon Clearing Serv., Inc.)*, 113 F.3d 1091, 1099 (9th Cir. 1997).

It is blackletter law that "[p]roperty that is held in trust by a debtor for another . . . is not property of the estate," including property held in constructive trust arising under state law. *Id.*; *see also Tawansy v. Leslie (In re Raymond Renaissance Theater, LLC)*, 583 B.R. 735, 744 (Bankr. C.D. Cal. 2018) (stating that "[p]roperty in which the debtor holds, as of the

---

[1] Some of the original invoice amounts listed on Exhibit B are greater than the amounts listed on Exhibit A. With respect to those invoices, and based on standard industry practice, Bimbo paid less than the original invoice amounts due to pricing or quantity discrepancies between the invoiced goods and the goods actually received.

MEMORANDUM OF POINTS AND AUTHORITIES I/S/O OF BIMBO BAKERIES USA, INC.'S MOTION
FOR TURNOVER OF FUNDS HELD BY THE DEBTOR THAT ARE NOT PROPERTY OF THE ESTATE

commencement of the case, only legal title and not an equitable interest" is excluded from the estate, and, therefore, "if a debtor holds a property in trust for someone else, the trust res does not become property of its bankruptcy estate").

Under California law, a constructive trust is imposed "in a situation involving simple negligence on the part of a debtor who wrongfully detains another's property." *Mitsui Mfrs. Bank v. Unicom Computer Corp. (In re Unicom Computer Corp.)*, 13 F.3d 321, 325 (9th Cir. 1994). Thus, a constructive trust may be imposed with respect to "money belonging to [another] but mistakenly received by the debtor," in which case the debtor holds "at most only a bare legal title to those funds." *See, e.g.*, *id.* at 322, 325.

Such was the case in *Mitsui Manufacturers Bank v. Unicom Computer Corp. (In re Unicom Computer Corp.)*, where the Ninth Circuit held that, with respect to a payment mistakenly made to and held by the debtor pre-petition, the debtor could not avoid as a preference its subsequent transfer of that payment to its proper recipient because it "had at most only a bare legal title to those funds," which it held in constructive trust upon receipt of the mistakenly received funds. *Id.* at 322–23, 25.

Here, the Debtor's receipt and continued possession of the Funds constitute more than "simple negligence" giving rise to a constructive trust in favor of Bimbo because there are **no grounds** upon which the Debtor can argue it has **any** entitlement to the Funds. Even worse, the Debtor accepted and held the Funds without alerting Bimbo of the mistake. There can be no argument that the Funds were transmitted in error as the Debtor had ceased operating its business and was no longer providing any goods to Bimbo.

The Debtor holds at most bare legal title to the Funds and has no right to retain or otherwise use the Funds in its bankruptcy case or otherwise. *See Mitsui*, *supra*; 11 U.S.C. §§ 363(b)(1), (c)(1) (providing that the trustee or debtor-in-possession may use, sell, or lease in (or

**MEMORANDUM OF POINTS AND AUTHORITIES I/S/O OF BIMBO BAKERIES USA, INC.'S MOTION FOR TURNOVER OF FUNDS HELD BY THE DEBTOR THAT ARE NOT PROPERTY OF THE ESTATE**

other than in) the ordinary course of business only such property that constitutes "property of the estate").[2] Accordingly, the Debtor should be ordered to immediately turnover the Funds to Bimbo.

**V.        CONCLUSION**

Based on the foregoing, Bimbo respectfully requests that the Court enter an order (A) directing the Debtors to turn the Funds over to Bimbo or (B) granting such other and further relief as the Court determines is just and equitable.[3]

Dated: January 28, 2020

BLANK ROME LLP

By:   /s/ Cheryl S. Chang
Cheryl S. Chang
Gregory F. Vizza

*Attorneys for Bimbo Bakeries USA, Inc.*

---

[2]  *See also, e.g.*, *Elliott v. Kiesewetter (In re Kiesewetter)*, 337 B.R. 75, 78 (Bankr. W.D. Pa. 2006) (concluding that property held in constructive trust to which a debtor holds only bare legal title is not property of the estate "and therefore cannot be administered through the estate"); *Diversified Fiber Prods., Inc. v. United States (In re Thena, Inc.)*, 190 B.R. 407, 412 (D. Or. 1995) ("[T]he debtor held legal title to the seized property in constructive trust . . . . The authority to 'use, sell, or lease' the seized property therefore, is not includable as property of the estate under 11 U.S.C. §§ 363 or 541 . . . .").

[3]  To the extent the Debtor is not ordered to immediately turn the Funds over to Bimbo, Bimbo asserts that the Debtor must segregate the Funds in a separate deposit account to prevent their accidental or intentional unauthorized use by the Debtor pending a further order of this Court.

MEMORANDUM OF POINTS AND AUTHORITIES I/S/O OF BIMBO BAKERIES USA, INC.'S MOTION
FOR TURNOVER OF FUNDS HELD BY THE DEBTOR THAT ARE NOT PROPERTY OF THE ESTATE