ZOLKIN TALERICO LLP
Derrick Talerico (State Bar No. 223763)
*dtalerico@ztlegal.com*
David B. Zolkin (State Bar No. 155410)
*dzolkin@ztlegal.com*
12121 Wilshire Blvd., Suite 1120
Los Angeles, CA 90025
Telephone: (424) 500-8551
Facsimile: (424) 500-8951

Attorneys for Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>SVENHARD'S SWEDISH BAKERY,<br><br>          Debtor and Debtor-in-Possession. | Case No. 19-15277-B-11<br><br>DC No. BR-001<br><br>Chapter 11<br><br>**DEBTOR'S OPPOSITION TO BIMBO BAKERIES USA, INC.'S MOTION FOR TURNOVER OF FUNDS HELD BY DEBTOR THAT ARE NOT PROPERTY OF THE ESTATE**<br><br>**Hearing**:<br>Date: February 25, 2020<br>Time: 9:30 a.m.<br>Dept.: B<br>Location: 2500 Tulare Street<br>          Suite 2501, Courtroom 13<br>          Fresno, CA 93721 |

      Svenhard's Swedish Bakery, the debtor and debtor-in-possession (the "Debtor") in the above chapter 11 bankruptcy case (the "Case"), hereby files this *Opposition* (the "Opposition") to *Bimbo Bakeries USA, Inc's Motion for Turnover of Funds Held by the Debtor that are not Property of the Estate* (the "Motion").

Bimbo Bakeries USA, Inc. ("Bimbo"), asks this Court to order the turnover of $732,943.92 (the "Funds") of the Debtor's funds because they are held in a constructive trust for the benefit of Bimbo. The Motion should be denied for a myriad of reasons:

1. Bimbo assumes a constructive trust exists over the Funds. It does not. A constructive trust is a remedy and as such is inchoate until established by order of the Court. Bimbo does not ask the Court to impose a constructive trust, only for turnover of the Debtor's assets.

2. California Civil Code ("Civ. Code") allows a constructive trust to be imposed "for the benefit of the owner" (Civ. Code 2223) or "for the benefit of the person who would otherwise have had it" (Civ. Code 2224). Only the potential equitable owner of the trust res can seek a constructive trust. Central California Baking Company ("CCBC") is the alleged beneficiary of the inchoate constructive trust. Bimbo lacks standing to bring the Motion.

3. Civ. Code 2223 only allows imposition of a constructive trust if the Debtor "wrongfully detains" something. The Debtor's retention of the Funds was not "wrongful" because the Debtor: (a) has a claim against Bimbo for an unpaid invoice, and (b) has substantial claims against CCBC (the inchoate constructive trust beneficiary) and its affiliates (including United States Bakery) that exceed the amount of the Funds many times over.

4. Civ. Code 2224 does not call for the imposition of a constructive trust if the Debtor "has some other or better right thereto." At a minimum, the Debtor certainly has "some other" right to the Funds.

5. Civ. Code 2224 only allows for the imposition of a constructive trust if the Debtor received the Funds by "…fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act…." The Motion alleges only mistake – the mistake of directing payment of the Funds to the Debtors which it intended to pay to CCBC. The only evidence Bimbo offers to establish a "mistake" is the declaration of an individual with no established knowledge of the payment of the Funds. The fact that Bimbo paid

the Funds to the Debtor via thirty separate and intentional transfers belies the claim of mistake.

6. Even if the Court finds imposition of a constructive trust is an available remedy, the Court must balance the equities of pro-rata distribution to all of the Debtor's creditors against preferential recovery for the constructive trust beneficiary. Disrupting the equitable distribution to creditors established by the Bankruptcy Code is disfavored, and Bimbo does not even attempt to argue that doing so here would be appropriate.

7. Even if the Court finds imposition of a constructive trust is an available remedy, before a constructive trust can be imposed, it is the burden of the constructive trust beneficiary (which Bimbo is not), to trace the funds it seeks to be subjected to the constructive trust. Bimbo does not even attempt to address the tracing burden.

## **ANALYSIS**

1. <u>Bimbo has not sought the imposition of a constructive trust.</u>

> Because it is a remedy, a constructive trust cannot affect rights in the res until it is imposed. A constructive trust imposed by state law pre-petition would therefore exclude the res from the debtor estate. If the remedy remains inchoate post-petition…[t]he incipient beneficiary of a constructive trust has no rights greater than any other creditor of the debtor who has not reduced his claim to judgment and perfected it.

*Markair, Inc. v. Markair Express, Inc.*, 172 B.R. 638, 642 (B.A.P. 9th Cir. 1994). Unless and until the inchoate trust beneficiary actually litigates an action to a favorable judgment, its right to a constructive trust is a mere possibility. *Taylor Assocs. v. Diamant (In re Advent Mgmt. Corp.)*, 178 B.R. 480, 489 (B.A.P. 9th Cir. 1995). As it stands, the Debtor has full ownership – legal and equitable – to the Funds. Only the successful establishment of a constructive trust could deprive the Debtor of that, and the Motion fails to seek such relief. Because the Motion does not seek imposition of a constructive trust, an order for turnover of the Debtor's property should not be entered by the Court.

2. <u>Bimbo does not have standing to seek a constructive trust.</u>

A constructive trust can only be imposed under state law – in this case, Civ. Code Sections 2223 and 2224. Bimbo makes no mention of nor provides any analysis of Civ. Code Sections 2223 or 2224. Nevertheless, Civ. Code Section 2223 allows a constructive trust to be imposed "for the benefit

of the owner" and Civ. Code 2224 does so "for the benefit of the person who would otherwise have had it" (Civ. Code 2224). Bimbo argues the Funds were intended for CCBC. As such, CCBC is the equitable owner of the inchoate constructive trust and the only party entitled to seek imposition of a constructive trust. *See Sobel Bldg. Dev. Partners v. Broach (In re Sexton)*, 166 B.R. 421, 425 (Bankr. N.D. Cal. 1994) (…only the equitable owner of the trust res may obtain a constructive trust…).

### 3. The Debtor's Retention of the Funds was not "Wrongful."

Civ. Code 2223 only allows imposition of a constructive trust if the Debtor "wrongfully detains" the Funds. Although CCBC is the alleged intended recipient of the Funds, whether Bimbo or CCBC is considered as the inchoate constructive trust beneficiary, the Debtor's retention of the funds was not wrongful. Indeed, the Debtor has a claim against Bimbo for an unpaid invoice of no less than $29,881.34. *See Declaration of David Kunkel*, ¶ 4, Ex. A. As to CCBC, the Debtor's principal asset is its claims against CCBC and its affiliates (including United States Bakery) that exceed the amount of the Funds many times over. Considering the Debtor's claims against Bimbo and CCBC, its retention of the Funds could hardly be considered wrongful.

### 4. The Debtor Holds a Right to the Funds.

Civ. Code 2224 does not allow for the imposition of a constructive trust if the Debtor "has some other or better right thereto." As discussed in the previous section, the Debtor certainly has "some other" right to the Funds as against both Bimbo and CCBC.

### 5. The Debtor's Receipt of the Funds was not a Mistake.

Civ. Code 2224 lists certain qualifying circumstances or conditions under which the recipient must have received the res upon which a constructive trust is sought. The only qualification argued by Bimbo is "mistake." But what was the mistake? Bimbo offers the declaration of Erik Sweezy for the conclusory statement that payment of the Funds to the Debtor was a good faith mistake and the Funds were intended for CCBC. The Sweezy declaration is wholly inadequate to establish anything at all, let alone Bimbo's mistake. The Sweezy declaration does not establish that Erik Sweezy has any first hand knowledge of the payment of the Funds, or even that Sweezy works for Bimbo. Furthermore, the fact that Bimbo paid the Funds to the Debtor via thirty separate and intentional transfers belies the claim of mistake. Pay an unintended recipient once…perhaps a mistake was made. Whoever might have first

hand knowledge of the Bimbo payments will have a difficult burden to establish an act repeated thirty times was not intentional.

6. <u>Even if a Constructive Trust is an Available Remedy, it is not an Appropriate Remedy.</u>

"In bankruptcy, it does not end the matter for a court to find that state law would impose a constructive trust over certain property; the constructive trust will not be given effect if it is against the federal bankruptcy policy favoring ratable distribution to all creditors." *In re Advent Mgmt. Corp.*, 178 B.R. at 489, *citing Mitsui Manuf. Bank v. Unicom Computer Corp. (In re Unicom Computer Corp.),* 13 F.3d at 325 & n.6; *see also Golden Mortg. Fund # 14 v. Kennedy (In re Golden Triangle Capital)*, 171 B.R. 79, 82 (B.A.P. 9th Cir. 1994). Where as here, imposition of a constructive trust would deny the Debtor's creditors meaningful recovery in favor of CCBC and its affiliates, who the Debtor holds claims against contributing to and causing its insolvency, the equities must favor the creditors at large.

7. <u>Bimbo had not and cannot trace the Funds.</u>

"Both the Ninth Circuit Court of Appeals and California courts have consistently held that HN19 a party seeking to establish a trust over commingled funds must trace those funds." *In re Advent Mgmt. Corp.*, 178 B.R. at 491, *citing, e.g.*, *Danning v. Bozek (In re Bullion Reserve of North America)*, 836 F.2d 1214, 1217 n.3 & 1218 (9th Cir.), *cert. denied*, 486 U.S. 1056, 100 L. Ed. 2d 925, 108 S. Ct. 2824 (1988); *Toys "R" Us, Inc. v. Esgro, Inc. (In re Esgro, Inc.)*, 645 F.2d 794, 797-98 (9th Cir. 1981); *Elliott v. Bumb*, 356 F.2d 749, 754 (9th Cir.), *cert. denied sub nom. Schutzbank v. Elliott*, 385 U.S. 829, 17 L. Ed. 2d 66, 87 S. Ct. 67 (1966); *Heckmann*, 168 Cal. App. 3d at 136; *Pay Less Drug Stores v. Bechdolt*, 92 Cal. App. 3d 496, 501-02, 155 Cal. Rptr. 58 (1979); I*chioka*, 247 Cal. App. 2d at 642-43. The Funds were received into the Debtor's general operating account, where they were commingled with other operating Funds. See Declaration of David Kunkel, ¶ 5. Bimbo does not even make an attempt to trace the Funds.

For the reasons set forth herein, the Debtor respectfully requests that the Motion be denied.

DATED: February 11, 2020     SVENHARD'S SWEDISH BAKERY

By:    */s/ Derrick Talerico*
Derrick Talerico
Attorneys for Debtor and
Debtor in Possession